

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00493-CR

CLARENCE WAYNE SNODGRASS                 APPELLANT

V.

THE STATE OF TEXAS                            STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Clarence Wayne Snodgrass appeals the sentence the trial court imposed after adjudicating him guilty of injury to a child. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. Counsel states in the brief that in his professional opinion this appeal is frivolous and

---

[1]*See* Tex. R. App. P. 47.4.

without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed a pro se response to the *Anders* brief. The State did not file a response.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Appellant's response to counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).

PER CURIAM

PANEL:  GARDNER, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 11, 2013